UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA DERBY, *et al.*,

    Plaintiffs,

v.

Case No. 25-cv-12091
Hon. Matthew F. Leitman

JOSHUA M. FARRELL,

    Defendant.
_____/

### ORDER (1) GRANTING APPLICATIONS TO PROCEED *IN FORMA PAUPERIS* (ECF Nos. 5, 6), AND (2) SUMMARILY DISMISSING ACTION

On July 10, 2025, Plaintiffs Joshua Derby and Alyssia Warren filed this action against a state court judge. (*See* Compl., ECF No. 1.) Derby and Warren also filed applications to proceed *in forma pauperis*. (*See* Applications, ECF Nos. 5, 6.) The Court has reviewed the Complaint and applications. The applications to proceed *in forma pauperis* are **GRANTED**. However, the Court will summarily dismiss the Complaint on the basis that the Complaint fails to state a claim on which relief can be granted. Plaintiffs' Complaint is a "judicial misconduct complaint" that is not appropriate for consideration in this Court. Therefore, for the reasons explained below, the Complaint is **DISMISSED WITH PREJUDICE**.

The Court is required to screen all complaints filed by plaintiffs proceeding *in forma pauperis* and dismiss those that (i) are frivolous or malicious, (ii) fail to state

1

a claim upon which relief may be granted, and/or (iii) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). While the Court is obligated to liberally construe documents filed by pro se plaintiffs, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), a complaint must still plead sufficient specific factual allegations, and not just legal conclusions, in support of each claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–679 (2009); *see also Hill v. Lappin*, 630 F.3d 468, 470–471 (6th Cir. 2010) (holding that the dismissal standard of *Iqbal* applies to a Court's review of a complaint under § 1915(e)(2) for failure to state a claim). The Court will therefore dismiss a complaint that does not state a "plausible claim for relief." *Iqbal*, 556 U.S. at 679.

The Court concludes that it must dismiss Plaintiffs' Complaint on the basis that it fails to state a claim upon which relief may be granted. First, Plaintiffs contend that the state court judge committed judicial misconduct in a number of ways. For example, Plaintiffs argue that he issued an "Improper Default Judgment Despite Federal Case Notice," that he "Fail[ed] to Acknowledge Filed Motions," "Intentional[ly] Misdirect[ed] . . . Court Mail," "modified and processed" "[c]ourt records and hearing schedules. . . without notice," and "act[ed] without jurisdiction[.]" (Compl., ECF No. 1, PageID.2.) Plaintiffs labeled their Complaint a "Formal Complaint of Judicial Misconduct" and/or an "Official Judicial Misconduct Complaint." (*Id.*) Moreover, Plaintiffs addressed the Complaint to the Michigan

2

Judicial Tenure Commission. (Compl., ECF No. 1, PageID.1.)  And the relief Plaintiffs seek appears to be more properly directed toward that body. (*See id.*, PageID.3, 5-6.)

Second, Plaintiffs claim that their Complaint arises under 28 U.S.C. § 351 (*see id.*), which permits filing a complaint against a judge with the court of appeals for the circuit.  That section defines "judge" as a "circuit judge, district judge, bankruptcy judge, or magistrate judge[.]" 28 U.S.C. § 351(a), (d).  Thus, any claims brought under this statute must be filed with the United States Court of Appeals for the Sixth Circuit, and this statute does not appear to contemplate complaints made against state court judges.  *See id.*

Third, Plaintiffs appear to bring claims asserting a number of alleged violations of Michigan law.  More specifically, Plaintiffs assert (1) violations of Michigan Court Rules contained in the section covering the "Attorney Grievance Commission" and "Attorney Discipline Board" (*see* Compl., ECF No. 1, PageID.5, citing Mich. Ct. R. 9.104); (2) rules for the clerk's issuance of summonses and service of process (*id.*, citing Mich. Ct. R. 2.102, 2.105); and (3) a Michigan law permitting *state courts* to hold "attorneys, counselors, clerks, registers, coroners, and all other persons in any manner elected or appointed to perform any judicial or ministerial services" in contempt of court (*id.*, citing Mich. Comp. Laws §

3

600.1701(c)). Plaintiffs cite no authority to support this Court's subject-matter jurisdiction over any of those claims.

For all of the reasons explained above, Plaintiffs' applications to proceed *in forma pauperis* are **GRANTED**, and the Complaint is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 30, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 30, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126